RENDERED: APRIL 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0722-MR

JASON COOK                                                                  APPELLANT

v.

APPEAL FROM ROWAN CIRCUIT COURT
HONORABLE ROBERT W. MCGINNIS, JUDGE
ACTION NO. 18-CR-00024

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND LAMBERT, JUDGES.

DIXON, JUDGE: Jason Cook appeals from the judgment and sentence on his

conditional guilty plea entered by the Rowan Circuit Court on April 12, 2019.

After careful review of the briefs, record, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On the afternoon of November 18, 2017, an employee of the

Downtown BP in Morehead called the police when she discovered Cook slumped

over in his pickup truck with its engine running. Officer Bryant Furman, the first to respond, approached the vehicle and observed Cook inside but could not see well due to the dark tint of the truck's windows. Officer Furman used a flashlight and observed a syringe on Cook's lap and additional drugs and paraphernalia on the passenger seat. He knocked on the window to get Cook's attention, but there was no response. At that point, Officer Furman feared he might be dead and opened the truck's door.

Upon opening the door, a syringe fell out of the vehicle, and Cook awoke. Officer Furman asked him to step out of the vehicle and remove his jacket, at which time he observed track and pick marks on Cook's arms. Even though Cook was awake and alert, Officer Furman called local emergency medical services (EMS) to evaluate Cook, and the two talked for approximately 20 to 25 minutes until EMS arrived. Cook refused treatment, signed a release, and was transported to the local detention center. While under observation, Cook suffered from a drug overdose, later admitting he had swallowed heroin after Officer Furman awakened him in the BP parking lot.

Cook was subsequently indicted for first-degree possession of a controlled substance, heroin;[1] possession of drug paraphernalia;[2] possession of

---

[1] Kentucky Revised Statutes (KRS) 218A.1415. A Class D felony.

[2] KRS 218A.500(2). A Class A misdemeanor.

marijuana;[3] and public intoxication.[4]  Cook moved the trial court to exempt him from prosecution for drug and paraphernalia possession under KRS 218A.133.  His motion was denied.  Cook again moved the trial court for exemption from prosecution under KRS 218A.133, and after a hearing, his motion was again denied; whereupon Cook entered a conditional guilty plea, and this appeal followed.

## STANDARD OF REVIEW

"The construction and application of statutes is a matter of law.  Therefore, this Court reviews statutes *de novo* without deference to the interpretations adopted by lower courts."  *Commonwealth v. McBride*, 281 S.W.3d 799, 803 (Ky. 2009) (citation omitted).

## ANALYSIS

On appeal, Cook argues KRS 218A.133 does not require an actual medical emergency for exemption from prosecution.  The relevant portions of KRS 218A.133 provide:

(1) As used in this section:

(a) "Drug overdose" means an acute condition of physical illness, coma, mania, hysteria, seizure, cardiac arrest, cessation of breathing, or death

---

[3]  KRS 218A.1422.  A Class B misdemeanor.

[4]  KRS 525.100.  A Class B misdemeanor.  This charge was later dismissed by the trial court.

which reasonably appears to be the result of consumption or use of a controlled substance, or another substance with which a controlled substance was combined, and that a layperson would reasonably believe requires medical assistance; and

(b) "Good faith" does not include seeking medical assistance during the course of the execution of an arrest warrant, or search warrant, or a lawful search.

(2) A person shall not be charged with or prosecuted for a criminal offense prohibiting the possession of a controlled substance or the possession of drug paraphernalia if:

(a) In good faith, medical assistance with a drug overdose is sought from a public safety answering point, emergency medical services, a law enforcement officer, or a health practitioner because the person:

1. Requests emergency medical assistance for himself or herself or another person;

2. Acts in concert with another person who requests emergency medical assistance; or

3. Appears to be in need of emergency medical assistance and is the individual for whom the request was made;

(b) The person remains with, or is, the individual who appears to be experiencing a drug overdose until the requested assistance is provided; and

(c) The evidence for the charge or prosecution is obtained as a result of the drug overdose and the need for medical assistance.

(3) The provisions of subsection (2) of this section shall not extend to the investigation and prosecution of any other crimes committed by a person who otherwise qualifies under this section.

The Supreme Court of Kentucky has recently addressed the applicability of this statute, holding:

for the sake of simplicity, we have distilled the statute down into the requirements . . . to be entitled to immunity.  Those requirements are as follows:

In good faith, medical assistance with an acute condition of physical illness, which reasonably appears to be the result of consumption or use of a controlled substance, and that a layperson would reasonably believe requires medical assistance, is sought from a public safety answering point, emergency medical services, or a law enforcement officer, because the person:

Appears to be in need of emergency medical assistance and is the individual for whom the request was made;

The person is the individual who appears to be experiencing a drug overdose; **and**

The evidence for the charge or prosecution is obtained as a result of the drug overdose and the need for medical assistance.

*Wilson v. Commonwealth*, 628 S.W.3d 132, 141-42 (Ky. 2021) (emphasis added) (footnotes omitted).  *Wilson* further held "each element of the foregoing test must be met to trigger immunity from prosecution[.]" *Id.* at 142.

Like *Wilson*, the case herein may be disposed of for failure to meet the second element. Here, the BP employee did not seek medical assistance for a "drug overdose," as defined by KRS 218A.133(1)(a). She was unsure whether the man was asleep or passed out and had no information as to why. She was unable to observe the drugs or paraphernalia through the tinted windows, which Officer Furman testified he, too, was unable to see until he shined a flashlight into the vehicle. Officer Furman further testified that when Cook emerged from the vehicle and began talking with him, **Officer Furman did not suspect Cook had overdosed on drugs**, though he did suspect Cook was actively using them. Officer Furman requested EMS evaluation of Cook out of an abundance of caution.

> *Wilson* held it does not
>
> promote the intent or purpose of the General Assembly to interpret the statute in a way that grants immunity to a defendant **where the person calling for medical assistance had no objective basis upon which to reasonably conclude that the defendant's acute physical condition was the result of controlled substance use, or where the caller did not seem subjectively to intend to call for medical assistance with a suspected overdose**.

*Wilson*, 628 S.W.3d at 144 (emphasis added). Based on the facts of this case, neither the employee's call to dispatch nor Officer Furman's call to EMS could, either objectively or subjectively, satisfy these requirements. Accordingly, Cook was not entitled to exemption from prosecution.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders entered by the Rowan Circuit Court are AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Molly Mattingly
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky